## UNITED DISTRICT COURT DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MIANKANZE BAMBA | * | **22 CV 07407** |
| PLAINTIFF | * | |
| v. | * | Case Number:_____ |
| | * | |
| UNITED STATES DEPARTMENT | * | |
| OF HOMELAND SECURITY-FPS | * | |
| ALEJANDRO MAYORKAS, | * | |
| SECRETARY OF THE DEPARTMENT | * | |
| OF HOMELAND SECURITY | * | |
| | * | |
| DEFENDANT | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Miankanze Bamba, *Pro Se*, pursuant to Fed. R. Civ. 3, hereby files this Complaint against the United States Department of Homeland Security-FPS Alejandro Mayorkas, Secretary of the Department of Homeland Security.

### PARTIES

1. Plaintiff, Miankanze Bamba is an African American male.
2. Defendant, U.S. Department of Homeland Security (hereinafter" DHS-FPS") is a cabinet department of the U.S. federal government with responsibilities in public security with more than 240,000 employees.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.
4. Venue is proper here, as the Defendant are subject to the personal jurisdiction of this Court because Defendant live, work, and maintain facility and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391 (e).

## STATEMENT OF FACTS

5. In April 2018, DHS-FPS (hereinafter "the Defendant") posted job announcement for Program Manager Mission Support position.

6. In May 2018, Plaintiff applied for the Program Manager Mission Support position.

7. In August 2018, the Defendant cancelled the Program Mission Support job announcement.

8. In September 2018, the Defendant reposted the job announcement for the Program Mission Support position, with a listed closing date of March 2019.

9. In September 2018, the Plaintiff applied for the Program Mission Support position again.

10. In February 2019, while the listing was still open the Defendant announced that Yinping Cheng was hired for Program Manager Mission Support position.

11. In February 2019, the Plaintiff filed a complaint with EEOC concerning the violation of hiring procedure, wherein the Plaintiff alleged race and sex discrimination against the Defendant in the selection process of Ms. Cheng for the Program Manager Mission Support position.

12. The Plaintiff oversaw Ms. Cheng's work related activities for four (4) years prior to her selection for the Program Manager Mission Support position.

13. In September 2019, Plaintiff filed a lawsuit against the agency, which is currently pending in the US District Court for Southern District of New York.

14. In January 2020, the Plaintiff was temporarily relocated to DHS in Washington, DC, to assist in the National Capital Region.

15. In October 2020, the Plaintiff returned to DHS-FPS in New York. At that time, Ms. Cheng unilaterally changed the plaintiff's access to the financial Systems (FFMS). Ms. Cheng assigned access to the financial systems solely to herself.

16. Ms. Cheng stated in the agency rebuttal to Plaintiff's EEOC complaint that plaintiff was not to perform the roles that he performed throughout his employment with DHS-FPS.

17. In December 2020, soon after the Plaintiff returned to the New York region, Ms. Cheng ordered Complainant to change his job title, which the Plaintiff used throughout his employment with the Defendant.

18. In December 2020, Ms. Cheng and the Defendant issued a letter of reprimand to the Plaintiff for the use of his job title.

19. In December 2020, the Plaintiff filed another EEO complaint alleging retaliation and financial mismanagement and irregularities. The Plaintiff complained that Ms. Cheng and the Defendant stripped Complainant's access to some of the agencies financial management systems, which the Plaintiff used and needed to complete his work.

20. In April 2021, Ms. Cheng and the Defendant suspended Plaintiff for three (3) days without pay.

21. In June 2021, Plaintiff contacted the DHS Anti-Harassment Unit, who conducted an investigation.

22. On July 21, 2021, Ms. Cheng unilaterally changed the SF-50 job title and classification of the Plaintiff without authorization.

23. In August 2021, DHS Anti-Harassment Unit concluded its investigation. However, the Defendant, DHS-FPS, by and through its agent, Clifford Hughes, blocked the release of the Anti-Harassment Unit's report and findings, and declined to make any remedial recommendations.

## COUNT ONE
## (RETALIATION PURSUANT TO 42 U.S.C. §1981)

24. Paragraphs 1-23 are incorporated herein as if fully set forth in full.

25. The Plaintiff engaged in protected activities when he filed complaints and grievances concerning discrimination, harassment, retaliation, and financial irregularities with U.S EEOC and US DHS Anti-Harassment Unit.

26. As a result of the Plaintiff engaging in protected activities, the Defendant, by and through its agents, has taken numerous adverse employment actions against the Plaintiff.

27. But for the Plaintiff engaging in the above-mentioned protected activities, the Defendant, by and through its agents, took numerous adverse employment actions against the Plaintiff.

28. As a result of Defendant's adverse actions against the Plaintiff, the Plaintiff has sustained compensatory damages, emotional distress, pain and suffering, mental anguish and loss of enjoyment of life.

## COUNT TWO

### (RETALIATION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT 1964)

29. Paragraphs 1-28 are incorporated herein as if fully set forth in full.
30. The Plaintiff engaged in protected activities when he filed complaints and grievances concerning discrimination, harassment, retaliation, and financial irregularities with U.S EEOC and US DHS Anti-Harassment Unit.
31. As a result of the Plaintiff engaging in protected activities, the Defendant, by and through its agents, has taken numerous adverse employment actions against the Plaintiff.
32. But for the Plaintiff engaging in the above-mentioned protected activities, the Defendant, by and through its agents, took numerous adverse employment actions against the Plaintiff.
33. As a result of Defendant's adverse actions against the Plaintiff, the Plaintiff has sustained compensatory damages, emotional distress, pain and suffering, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment for damages against Defendant as follows:

a.   Back pay,

b.   Wages, salary and fringe benefits,

c. Compensatory damages of over $75,000.00, including future loss, emotional distress, pain and suffering, mental anguish & loss of enjoyment of life,

d.   Attorneys' fees,

e.   Punitive damages,

f.   Injunctive relief,

g.   Damages, and

h.  All other relief deemed necessary and proper by the Court.

## JURY DEMAND

Pursuant to Fed. R. Civ. 38(b), the Plaintiff, Miankanze Bamba, demands a jury trial.

_____
Miankanze Bamba, Pro Se